

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

F I L E D
DISTRICT COURT
SEP 0 9 2022
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

GERON R. TAYLOR,                    )
                                    )
                Plaintiff,          )
                                    )
v.                                  )
                                    )
CITY OF BIXBY, OKLAHOMA, a          )
municipal corporation,              )
                                    )
                Defendant.          )

**CJ-2022-02801**

Case No.:
***Attorneys' Lien Claimed***
***Jury Trial Demanded***

/S/ H
DOUG DRUMMOND

### PETITION

COMES NOW Plaintiff and for his claims and causes of action against Defendant states and alleges:

1.  Plaintiff, Geron R. Taylor, is a citizen of the State of Oklahoma.

2.  Defendant, City of Bixby, Oklahoma, is a municipal corporation organized and existing under the laws of the State of Oklahoma.

3.  At all times material herein Defendant has acted by and through its agents, servants and employees who were acting within the scope of their agency, service and employment, and has acted through its policy makers.

4.  On or about September 8, 2011, Plaintiff was stopped by Defendant's police because he was black. Because Plaintiff was black, he was taken to jail rather than given a ticket for no driver's license. He bonded out and went to work, after having been told to appear in court in Bixby on October 4, 2011.

1

**EXHIBIT 2**

*handwritten annotations: "$154 with cost", "No fine & cost for jpead", "N $500 per 4-1 cust 1 c 47"*

5.     On October 4, 2011, Plaintiff appeared in Bixby city court, whereupon
       Plaintiff was fined $500 (while the maximum statutory fine is $300) and
       sentenced to ten days in jail, all without the benefit of counsel or a jury
       trial, or other rights guaranteed by state or federal law. Plaintiff was then
       handcuffed and taken off to the Bixby city jail and held for ten days.

6.     Once in jail, Plaintiff was repeatedly subjected to humiliating, demeaning
       and discriminatory treatment from Defendant. This included the guards
       pulling a gun on him (even though he was behind bars), the failure to give
       Plaintiff adequate or regular food and water, the refusal to give Plaintiff
       toilet paper (telling him that he could wipe himself with his own hand),
       repeatedly calling Plaintiff the "N" word, referring to Plaintiff's black skin,
       referring to Plaintiff as "boy", and other things racial in nature.

7.     When Plaintiff was released, he was further discriminated against based
       on his race by being given a ticket for defacing public property, which
       charges continued to be pursued.

8.     Ultimately, Plaintiff was retried before a jury, who set a fine but declined
       to assess jail time.

9.     As a result, Plaintiff has suffered emotional distress and will in the future,
       has lost his job and has lost wages and benefits, which losses will continue
       in the future, and has been deprived of his constitutional and statutory
       rights, both under the U.S. and state constitutions. These damages are
       estimated to be $1,000,000.

10. Plaintiff's claims include, but are not limited to, violations of 42 U.S.C. §
1981 and § 1983, in that Plaintiff has been subjected to cruel and unusual
punishment, has been imprisoned without being granted an attorney, and
in other ways.  In addition, Defendant's actions constitute the torts of
outrage and assault and battery and also are in violation of the Oklahoma
Constitution in that Plaintiff was not granted a jury trial, received no
attorney, was fined beyond the statutory maximum, has endured cruel and
unusual punishment, and otherwise.

11. Plaintiff has properly given notice to Defendant under the Oklahoma
Governmental Tort Claims Act, which claim was denied and this suit timely
commenced.

12. Plaintiff filed his claims on January 20, 2012; dismissed them without
prejudice in September, 2021; and timely refiles under 12 O.S. § 100.

13. Plaintiff refiles his claims as originally filed, but notes there has been some
limited resolutions of parts of his claims in the previous action, both on
appeal and in the federal system.  He refiles herein making claim for and
only for what is still alive based on those limited resolutions.

WHEREFORE, premises considered, Plaintiff prays for judgment against
the Defendant in the sum of $1,000,000, interest, costs, attorneys' fees, and such
other and further relief to which Plaintiff is deemed entitled.

Respectfully submitted,

FRASIER, FRASIER & HICKMAN, LLP

By: _____

George M. Miles, OBA 11433
Steven R. Hickman, OBA #4172
1700 Southwest Blvd.
Tulsa, OK 74107
Phone: (918) 584-4724
Fax: (918) 583-5637
E-mail: frasier@tulsa.com